**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Frederick JOHNSON, Defendant–Appellant.**

**No. 90–30287.**

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 1991.[*]

Decided June 27, 1991.

Hugh M. Spall, Ellensburg, Wash., for defendant-appellant.

Robert S. Linnell, Asst. U.S. Atty., Yakima, Wash., for plaintiff-appellee.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before WRIGHT and O'SCANNLAIN, Circuit Judges, and MacBRIDE,** District Judge.

PER CURIAM:

We consider whether the district court erred in denying Johnson's motion to suppress evidence seized from the locked trunk of his car during an inventory search. We reverse.

## BACKGROUND

While Johnson was driving his car in Ellensburg, Washington, he was stopped for traffic infractions. He assaulted a police officer and fled the scene on foot, leaving his car parked in front of a motel. He was arrested later and taken into custody. At the station, the police told him that officers would not impound his car if he would sign an agreement holding the city harmless from any damage or liability that might result from leaving it on the street. He refused, and the police impounded the car. An inventory search revealed a sawed-off shotgun in the locked trunk, which the officers opened with the keys left in the car.

Johnson was charged with being a felon in possession of a firearm and possession of an unregistered firearm. He moved to suppress the evidence seized from the trunk. After the court denied his motion, he pleaded guilty conditionally to possessing a sawed-off shotgun and was sentenced to 37 months imprisonment. He appeals the denial of his motion.

## DISCUSSION

■ We review de novo a denial of a motion to suppress, *United States v. Flippin*, 924 F.2d 163, 164 (9th Cir.1991), and the ultimate issue of the lawfulness of a search. *United States v. Vasey*, 834 F.2d 782, 785 (9th Cir.1987).

** Honorable Thomas J. MacBride, Senior United States District Judge, Eastern District of Califor-

## I

■ Johnson argues that the inventory search was illegal because the impoundment itself was illegal. *See United States v. Frank*, 864 F.2d 992, 1001 (3d Cir.1988), *cert. denied*, 490 U.S. 1095, 109 S.Ct. 2442, 104 L.Ed.2d 998 (1989).

The police impounded the car pursuant to Wash.Rev.Code §§ 46.55.010(12)(a)(i), 46.-55.113(4) (1989). A car may be impounded when "the driver of a vehicle is arrested and taken into custody by a police officer, and the driver, because of intoxication or otherwise, is mentally incapable, or too intoxicated, to decide upon steps to be taken to protect his or her property." Wash.Rev. Code § 46.55.113(4). Johnson does not dispute the police report that he was not only intoxicated, but also was violent, belligerent and mentally out of control. Impoundment was lawful.

## II

Johnson also argues that the inventory search itself was unlawful because (a) the Ellensburg police did not conduct the search pursuant to an established inventory-search procedure, as required by *South Dakota v. Opperman*, 428 U.S. 364, 372, 96 S.Ct. 3092, 3098, 49 L.Ed.2d 1000 (1976), (b) the Ellensburg Police did not ask him to consent to the search, as apparently required by this court's reading of Washington state law in *United States v. Wanless*, 882 F.2d 1459, 1464 (9th Cir.1989), and (c) even a routine inventory search cannot constitutionally expand to an automobile's locked trunk, *compare United States v. Wilson*, 636 F.2d 1161 (8th Cir.1980) (inventory search of locked trunk is unconstitutional) *with United States v. Martin*, 566 F.2d 1143, 1145 (10th Cir.1977) (inventory search of locked trunk is not unconstitutional): *cf. California v. Acevedo*, — U.S. ——, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (warrantless search of closed container inside automobile is constitutional if supported by probable cause to believe that it contains contraband or evidence). All

nia, sitting by designation.

three of these contentions have putative merit. Because we agree with the first, however, we need not address the second and third.

 The government bears the burden of justifying a warrantless search. *See Mincey v. Arizona,* 437 U.S. 385, 390–91, 98 S.Ct. 2408, 2412–13, 57 L.Ed.2d 290 (1978); *United States v. Jeffers,* 342 U.S. 48, 51, 72 S.Ct. 93, 95, 96 L.Ed. 59 (1951). Here, the government has not carried that burden. In *Wanless,* this court held, inter alia, that an inventory search is unconstitutional unless it is conducted *both* (a) pursuant to an established inventory-search policy that meets the requirements of *Opperman and* (b) "in accordance with the official procedures of the relevant *state or local* police department." *Wanless,* 882 F.2d at 1464 (emphasis in original); *see also id.* at 1463. Although the government concedes that the Ellensburg Police Department does not have a written inventory-search policy, it nonetheless contends that the Department has an unwritten policy that satisfies the dictates of *Opperman.* That policy is to conduct inventory searches to the extent allowed by Washington state law.

Assuming without deciding that such a policy does satisfy the dictates of *Opperman,* we hold that the search at issue in this case did not even comply with that asserted policy and therefore fails under the second prong of the *Wanless* holding. Under Washington law, "an officer may not examine the locked trunk of an impounded vehicle in the course of an inventory search absent a manifest necessity for conducting such a search." *State v. Houser,* 95 Wash. 2d 143, 155–56, 622 P.2d 1218, 1226 (1980) (footnote omitted). The government has made absolutely no showing of manifest necessity in this case. That failure to comply with governing state procedures renders the search of the trunk of Johnson's car unconstitutional as a matter of federal law under *Opperman* and *Wanless. See Wanless,* 882 F.2d at 1464.

We vacate Johnson's conviction and remand with instructions to suppress evidence obtained from the inventory search of the car's trunk.

REVERSED and REMANDED.