990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis MARTINEZ, Defendant-Appellant.
 No. 92-50531.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 7, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Martinez appeals his convictions after entering conditional guilty pleas to possession of an unregistered firearm not identified by a serial number in violation of 26 U.S.C. §§ 5816(d), 5861(i). Martinez contends that the district court erred by denying his motion to suppress evidence because: (1) the law-enforcement authorities lacked reasonable suspicion for the investigatory stop of his vehicle; (2) his arrest was pretextual; and (3) the warrantless search of his vehicle was beyond the scope of a valid inventory search. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 The district court found that reasonable suspicion existed for the deputies to conduct an investigatory stop of Martinez vehicle. The court further found that probable cause existed for Martinez arrest. Finally, the court found the search under the engine hood valid as one incident to an arrest or an inventory search.[1]
 
 
 4
 We review de novo a district court's denial of a motion to suppress evidence, United States v. Flippin, 924 F.2d 163, 164 (9th Cir.1991), and the ultimate issue of the lawfulness of a search, United States v. Johnson, 936 F.2d 1082, 1083 (9th Cir.1991). Similarly, we review de novo whether reasonable suspicion existed for the stop of Martinez's vehicle and whether probable cause existed for his arrest. See United States v. Fouche, 776 F.2d 1398, 1402-03 (9th Cir.1985). "We review for clear error the district court's determination regarding the arresting officers' motives." United States v. Mota, 982 F.2d 1384, 1386 (9th Cir.1993). We may affirm the district court's denial of a motion to suppress evidence on any basis fairly presented by the record. Koshnevis, 979 F.2d at 695.
 
 1. Investigatory Stop
 
 5
 Martinez contends that the deputies lacked reasonable suspicion to conduct an investigatory stop of his vehicle. This contention lacks merit.
 
 
 6
 Law enforcement authorities "may make a brief investigatory stop of a moving vehicle ... if under the totality of the circumstances, they are aware of articulable facts leading to a reasonable or founded suspicion that the person has been, is, or is about to be engaged in criminal activity." Fouche, 776 F.2d at 1402 (citing Terry v. Ohio, 392 U.S. 1, 22 (1968)). Traffic violations constitute criminal conduct which provide reasonable suspicion for a brief investigatory stop. See id. at 1403; see also United States v. Gutierrez-Mederos, 965 F.2d 800, 803 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3583 (U.S. Feb. 22, 1993) (No. 92-6924); United States v. Lillard, 929 F.2d 500, 502 (9th Cir.1991).
 
 
 7
 Here, Martinez made a wide and rapid turn into a lane normally used for oncoming traffic and his vehicle's right-rear brake/tail light was not working. On the basis of these traffic violations, the deputies had reasonable suspicion for an investigatory stop. See Gutierrez-Mederos, 965 F.2d at 803; Fouche, 776 F.2d at 1398.
 
 2. Arrest
 
 8
 Martinez further contends that the deputies arrested him for the misdemeanor violation of being a minor in possession of an alcoholic beverage as a pretext to allow them to search the vehicle, particularly under the engine hood. This contention lacks merit.
 
 
 9
 " '[A]n arrest may not be used as a pretext to search for evidence without a search warrant where one would ordinarily be required under the Fourth Amendment.' " Mota, 982 F.2d at 1386 (alteration in original) (quoting Williams v. United States, 418 F.2d 159, 161 (9th Cir.1969), aff'd, 401 U.S. 646 (1971)); accord United States v. Huffhines, 967 F.2d 314, 317 (9th Cir.1992); United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986). The arresting officers' primary motivation or purpose for the arrest determines whether it is used as a pretext for a search. Smith, 802 F.2d at 1124.
 
 
 10
 Here, Deputy Ellison arrested Martinez for being a minor in possession of an alcoholic beverage. Martinez failed to present any testimony or evidence showing a contrary motive. Although Martinez's arrest for a misdemeanor violation and subsequent search revealed evidence of the instant offenses, these circumstances do not demonstrate that Ellison's motive for confronting Martinez was anything other than to investigate the alcohol possession. See Mota, 982 F.2d at 1386.
 
 
 11
 Accordingly, the district court did not clearly err by finding that Martinez's arrest was not pretextual. See id.; see also Huffhines, 967 F.2d at 318 (in absence of evidence or testimony showing a contrary motive, no pretextual arrest to search for evidence where officers investigating a harassment complaint arrested defendant for falsely identifying himself and subsequent search revealed a felony offense).
 
 3. Inventory Search
 
 12
 Finally, Martinez contends that the inventory search was invalid because (1) the deputies failed to follow departmental procedures regarding the inventory search and (2) the deputies had an investigatory purpose when they searched under the engine hood. These contentions lack merit.
 
 
 13
 Law enforcement officers may conduct an inventory search of a lawfully impounded vehicle without a warrant. South Dakota v. Opperman, 428 U.S. 364, 369 (1976); see also United States v. Wanless, 882 F.2d 1459, 1463 (9th Cir.1989); United States v. Feldman, 788 F.2d 544, 550 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987). "The reasons for conducting the inventory search are threefold: (1) the protection of the vehicle's owner's property; (2) the protection of the police against claims by the owner; and (3) the protection of the police from potential danger." Wanless, 882 F.2d at 1463 (citing Opperman, 428 U.S. at 369); see also Colorado v. Bertine, 479 U.S. 367, 372 (1987). A valid inventory search must be conducted pursuant to both the Opperman requirements and in accordance with standard local police procedures. Johnson, 936 F.2d at 1084. "The government bears the burden of justifying a warrantless search." Id.
 
 
 14
 Under section 5-01/060.05 of the Los Angeles Sheriff's Department's manual, the department is required to make an inventory search of an impounded vehicle in arrest situations and "advise the owner/driver, prior to storing his vehicle, that the vehicle may be secured, legally parked and left at the location, or may be released to a designated responsible person who is present and will accept the responsibility for care of the vehicle" (ER at 9). The departmental regulations furthermore instruct a deputy to "exercise the care necessary to ensure that a parking violation will not occur" (id.).
 
 A. Local Departmental Regulations
 
 15
 Here, Martinez contends that the deputies failed to follow departmental regulations by advising him that his vehicle could be left legally parked on Bonnie Beach Place or released to a responsible individual who was present at the scene. The government concedes that the deputies failed to offer Martinez either alternative as required. Nevertheless, the government argues that the inventory search was proper because neither alternative was available to Martinez. We agree.
 
 
 16
 It is undisputed that the vehicle was parked in a manner which obstructed traffic. Martinez was under arrest and his companion lacked a valid driver's license. No other individual was present to drive the vehicle and the deputies themselves were not obligated to do so. Thus, Martinez would have been unable to avail himself of either option had the deputies advised him. See, e.g., Bertine, 479 U.S. at 375-76 (recognizing that police officers who exercised discretion by deciding to inventory search a vehicle, under departmental regulations which explicitly allowed such discretion, had done so in accordance with standard criteria and without any suspicion of criminal activity); cf. Wanless, 882 F.2d at 1463-64 (invalid inventory search of vehicle, under departmental regulations, where state troopers were required to ask the owner if he would consent to the search, but failed to do so). Accordingly, there is no error.
 
 B. Investigatory Purpose
 
 17
 Here, Deputy Ellison was involved in an inventory search of a lawfully impounded vehicle. Ellison conducted the inventory search after he arrested Martinez for being a minor in possession of an alcoholic beverage. Ellison then searched under the engine hood based upon (1) his personal experience of previously finding a firearm under a vehicle's hood, and (2) colleagues information regarding the tendency of gang members to store firearms and/or other property under the hood. The government argues that on the basis of these facts, that the inventory search under the hood was in accordance with the Opperman requirements. We agree.
 
 
 18
 Martinez failed to show that the deputies, who followed departmental regulations, searched under the engine hood to investigate suspected criminal activity. See Bertine, 367 U.S. 372-73 & n. 5, 376; Opperman, 364 U.S. at 376.
 
 
 19
 Therefore, the district court did not err by denying Martinez's motion to suppress the evidence. See Flippin, 924 F.2d at 164.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 the government concedes that the search under the engine hood cannot be justified as a search incident to Martinez's arrest. See United States v. Vasey, 834 F.2d 782, 785-88 (9th Cir.1987). We therefore do not consider this ground as a basis to suppress the evidence