26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank V. OKIYAMA, Defendant-Appellant.
 No. 93-10569.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank V. Okiyama appeals his conviction following a jury trial for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Okiyama contends the district court erred by denying his motion to suppress evidence of the firearm found during an allegedly improper inventory search of the vehicle he was driving. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for clear error the district court's determination of facts underlying its decision on a suppression motion. United States v. Johnson, 936 F.2d 1082, 1084 (9th Cir.1991). We review de novo whether these facts establish a valid inventory search of the property in question. United States v. Bowhay, 992 F.2d 229, 230 (9th Cir.1993).
 
 
 4
 Although the government bears the burden of justifying a warrantless search, Johnson, 936 F.2d at 1084, it is well-established that police officers may conduct a warrantless inventory search of a vehicle which has been impounded, see, e.g., South Dakota v. Opperman, 428 U.S. 364, 369 (1976); Johnson, 936 F.2d at 1084; United States v. Wanless, 882 F.2d 1459, 1463 (9th Cir.1989). Such inventory searches, however, "must be conducted according to standard agency procedures." United States v. Mancera-Londono, 912 F.2d 373, 375 (9th Cir.1990).
 
 
 5
 Pursuant to an arrest warrant for a drug offense, Drug Enforcement Agency (DEA) Agents Randy Benavente and Jon Anderson arrested Okiyama at a gas station in Guam. At the time of his arrest, Okiyama was walking from the cashier's counter towards a truck he had been driving. Inside the truck was a passenger, Yong Brantley. A search of the vehicle by Agent Benavente revealed a .357 caliber revolver, as well as assorted cock-fighting paraphernalia.
 
 
 6
 Agent Benavente testified as to the existence and specifics of the DEA's unwritten nationwide inventory search policy. Agent Benavente stated that, although the policy is unwritten, the DEA requires that a vehicle in the possession of a person arrested by the DEA be impounded if the owner is not available to take charge of the vehicle. As part of this process, DEA agents take an inventory of the contents of the vehicle in order to protect the owner's property and to protect DEA from liability from claims that it was responsible for the loss of valuables contained in the vehicle. We have previously held that inventory search procedures need not be written, merely standardized so as to guide an officer in the exercise of his discretion and to prevent searches based upon mere suspicion of criminal activity.[1] Mancera-Londono, 912 F.2d at 375.
 
 
 7
 The evidence demonstrated that so far as Agent Benavente knew, there was no responsible person available to take control of the vehicle. We reject as untenable Okiyama's arguments that it would have been permissible for the agents to leave the car in the parking lot of the 24-hour gas station because someone there would have looked after it. Testimony at the suppression hearing indicated that the gas station employees would not take any responsibility for the safety of the truck or its contents.
 
 
 8
 Okiyama's argument that Brantley could have summoned the owner to retrieve the vehicle is frivolous. The fact that Brantley might have lied about her knowledge of who the owner was at the time of Okiyama's arrest, and again during the suppression hearing, is irrelevant to our analysis. So far as Agent Benavente knew, Brantley did not know how to drive the truck or how to contact the truck's owner. Under these circumstances, DEA policy required Agent Benavente to impound the vehicle.
 
 
 9
 Furthermore, and despite Okiyama's attempt to demonstrate otherwise, there is no evidence in the record that Agent Benavente sought to use the inventory search as a pretext for uncovering evidence of wrongdoing by Benavente. The mere fact that Agent Benavente might have had a dual motivation for conducting the inventory search, both the need to inventory valuables as well as the desire to uncover evidence of criminal activity, did not render the search invalid so long as the inventory search was not a pretext for the criminal investigation.[2] See Bowhay, 992 F.2d at 231.
 
 
 10
 Finally, we must decline Okiyama's invitation to overrule our decision in Pasterchik v. United States, 400 F.2d 696 (9th Cir.1968), cert. denied, 395 U.S. 982 (1969), which provides that the government may establish proof of a prior conviction by admission without objection of a judgment bearing the same name as that of the accused. It is well-established that, in the absence of intervening precedent nullifying an earlier decision, a panel not sitting en banc may not overturn Ninth Circuit precedent. In re Catli, 999 F.2d 1405, 1408 n. 5 (9th Cir.1993); Nichols v. McCormick, 929 F.2d 507, 510 n. 5 (9th Cir.1991), cert. denied, 112 S.Ct. 1226 (1992).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Okiyama's contention that the DEA does in fact have written guidelines governing inventory searches is unsupported by the record. He failed to offer evidence of any such written policy before the district court and the cases he cites in his appellate brief are unpersuasive
 United States v. Mourning, 716 F.Supp. 279 (W.D.Tex.1989), refers to the DEA's written procedures regarding inventory searches of vehicles impounded based upon probable cause to forfeit the vehicles. Id. at 287. We have previously recognized that the DEA has written procedures regarding inventory searches of vehicles seized for forfeiture, but that it also has unwritten procedures regarding inventory searches of vehicles seized for other reasons. See Mancera-Londono, 912 F.2d at 376 (comparing unwritten procedure regarding inventory search of impounded rental cars with written procedure for vehicles seized for forfeiture). The written inventory procedure referenced in United States v. Judge, 864 F.2d 1144, 1146 n. 4 (5th Cir.1989), cert. denied, 495 U.S. 918 (1990), deals with other types of property seized at the time of a defendant's arrest, not vehicles.
 
 
 [2]
 We also reject Okiyama's arguments predicated on the district court's reference to "Guam DEA procedure" and use of the word "abandoned" in reference to the truck in the order denying the motion to suppress. Because the DEA's inventory procedure is nationwide, and we have held that Agent Benavente complied with that procedure, the district court's mistaken use of the phrase "Guam DEA procedure" is unimportant. Likewise, the district court's imprecise use of the word "abandon" in reference to the truck does not diminish the force of its analysis