86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norbert Andrew BOTELHO, Defendant-Appellant.
 No. 95-10115.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided May 24, 1996.
 
 1
 Before: FLETCHER, D.W. NELSON and CANBY Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Norbert Andrew Botelho appeals his jury conviction for being a felon in possession of a firearm (two counts) and ammunition (one count) in violation 18 U.S.C. §§ 922(g) and 924(e). Botelho contends that the district court erred by denying his motion to suppress evidence of the firearms and ammunition found during an allegedly improper inventory search of the vehicle he was driving. In addition, Botelho contends that evidence seized from his home was fruit of the allegedly improper search of the vehicle because evidence from the vehicle, in part, formed the basis for the warrant to search his home. Finally, Botelho challenges the sufficiency of the evidence for the third count of being a felon in possession of a firearm and contends that the allegedly improper evidence taken from the vehicle and his home prejudiced the jury. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 4
 Because both parties are familiar with the factual and procedural background of this case, we do not repeat it here.
 
 
 5
 In general, we review denials of motions to suppress de novo. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995). We review for clear error the trial court's determination of facts underlying its decision; however, where no findings of fact were made or requested, we "will uphold a trial court's denial of a motion to suppress if there was a reasonable view to support it." United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). When a defendant properly preserves a sufficiency of the evidence challenge by making a motion for acquittal after the close of all evidence, we review de novo. United States v. Riggins, 40 F.3d 1055, 1057 (9th Cir.1994). There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction. United States v. Jackson, 72 F.3d 1370, 1381 (9th Cir.1995), cert. denied, 64 U.S.L.W. 3642 (April 22, 1996).
 
 
 6
 It is well-established that police officers may conduct a warrantless inventory search of a vehicle that has been impounded. See, e.g., South Dakota v. Opperman, 428 U.S. 364, 369 (1976); United States v. Johnson, 936 F.2d 1082, 1084 (9th Cir.1991). Such inventory searches, however, "must be conducted according to standard agency procedures." United States v. Mancera-Londono, 912 F.2d 373, 375 (9th Cir.1990). Standardized procedures are necessary so as to guide an officer in the exercise of his discretion and to prevent pretextual inventory searches based upon mere suspicion of criminal activity. See id. Botelho presents a two-pronged attack to the search of the vehicle he was driving. First, he argues that the decision to impound the vehicle contravened the written procedures of the Guam Police Department. This claim is without merit. 16 Guam Code Annot. § 7171(c) implies that unregistered vehicles must be impounded, although procedures adopted by the Guam Police Department grant officers discretion in certain situations. See General Order No. 86-18 (Guam Police Dep't 1990) (the "Order").[1] Even if we were to interpret the interplay of the statute and the Order in Botelho's favor, the officer had the discretion to decide whether to impound the vehicle because its registration had expired. The officer was authorized to impound the vehicle, among other "valid and legal alternatives." Thus, the decision to impound was consistent with the established procedures.
 
 
 7
 Second, Botelho contends that even if the officer's decision to impound the vehicle was proper, the officer violated Section V.D. of the Order by ignoring Botelho's express wish that the vehicle not be subjected to an inventory search. This claim also is without merit as it ignores the fact that Botelho had no authority to decline the inventory search because he was not the "owner" within the meaning of the Order. See Order, Section II.D. (defining owner as the "person having all the incidents of ownership including the legal title," and listing other categories for which Botelho also does not qualify) (emphasis added). Despite his assertions to the contrary at the scene, Botelho was not the registered owner at the time, nor did he otherwise qualify as an 'owner' under the Order. Thus, the decision to conduct the inventory search also was proper, and the evidence retrieved was correctly admitted at trial.
 
 
 8
 Furthermore, and despite Botelho's attempt to demonstrate otherwise, there is no evidence in the record that the inventory search was used as a pretext for uncovering evidence of wrongdoing by Botelho. The mere fact that there might have been dual motivations for conducting the search, both the need to inventory the contents of the vehicle as well as the desire to uncover evidence of criminal activity, did not render the search invalid so long as the inventory search was not a pretext for the criminal investigation. See United States v. Bowhay, 992 F.2d 229, 231 (9th Cir.1993). After carefully conducting a hearing on the motion to suppress, Judge Unpingco was satisfied with the officer's explanation of his decision to impound and search; we see no basis for disturbing that decision.
 
 
 9
 We need not reach Botelho's second claim concerning evidence retrieved from his home because it is based on the correctness of his first claim. The warrant to search Botelho's home was based on lawfully obtained evidence, and the evidence obtained thereby was therefore properly admitted.
 
 
 10
 Finally, there was circumstantial evidence from which the jury could have inferred that Botelho, during the period charged in the indictment, exercised dominion over the gun registered to his wife. The jury was not compelled to believe the testimony of Botelho or his wife. Nor has Botelho shown that evidence admitted in support of counts one and two unfairly spilled over and prejudiced the jury with regard to count three.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 General Order No. 86-18 provides in relevant part:
 III. SITUATIONS ALLOWING IMPOUNDMENT
 A motor vehicle may only be impounded by a member of [Guam Police Department] ... when in accordance with and pursuant to the applicable laws of the Territory of Guam and the following ... reasons.
 ....
 D. Violation of Certain Statutory/Regulatory Laws
 A motor vehicle may be impounded when it is in violation of certain statutory laws that are regulatory in nature, i.e., [not registered]....
 Under this statute a vehicle stopped upon a highway by an officer and discovered to be unregistered ..., could not then be allowed to be driven away ... until it was properly registered according to law.
 IV. OPTIONS TO IMPOUNDMENT
 The following guidance will be adhered to in order to reduce the impoundment of motor vehicles to the minimum necessary.
 A. In many instances it is not necessary to impound a motor vehicle if common sense is applied; therefore, an officer should use his judgment in an attempt to solve the problem in a less time consuming and cumbersome manner....
 ....
 V. PROCEDURES FOR IMPOUNDING VEHICLE
 ....
 D. ... If the vehicle's owner is present, he/she must be given the option of consenting to an inventory, or instead, refusing consent and risking the loss of whatever valuables the vehicle contains.