53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Walter WEAVER, Defendant-Appellant.
 No. 94-30179.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1995.*
Decided May 9, 1995.
 
 Before: WRIGHT, FERGUSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Weaver conditionally pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1) after police found a stolen firearm in the trunk of the car he was driving. He appeals the district court's refusal to suppress evidence relating to the firearm and his sentence. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Weaver's brother was killed by Idaho police after taking his wife, Charlotte, hostage. Weaver and his elderly mother drove her car from their home in Pennsylvania to Idaho to make funeral arrangements. When Charlotte discovered they were en route, she told the police that she feared they were armed and would harm her. The police called Pennsylvania authorities who reported that there was an outstanding warrant for Weaver's arrest and faxed them a copy of it.
 
 
 4
 When Weaver and his mother arrived in Idaho, they went to the police station to ask for directions to the brother's house. The police gave Weaver false directions so they could stop and arrest him on a deserted street. He was arrested shortly thereafter according to plan.
 
 
 5
 The police decided to impound the car. According to a written police policy, they were required to inventory the contents of the car, including the contents of all locked compartments. They searched the car, including the locked trunk, where they found a stolen gun.
 
 
 6
 Weaver was charged with being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1), 924, and 924(e). He pleaded guilty after his motion to suppress evidence was denied. His sentence was enhanced under 18 U.S.C. Sec. 924(e) because he had three prior convictions for violent felonies. He appeals the denial of his motion to suppress and the sentence enhancement.
 
 II
 
 7
 Weaver argues that the decision to impound the car and conduct an inventory search was merely a pretext for an investigatory search. He also contends that even if the search was not pretextual, the Fourth Amendment prohibited it.[1]
 
 
 8
 * We agree with the district court that the search was a valid inventory search. It is uncontested that police followed local procedure. See United States v. Bowhay, 992 F.2d 229, 230 (9th Cir.1993). And, contrary to Weaver's argument, the record reflects that the police were not motivated solely by an investigative purpose. See id.
 
 
 9
 Weaver argues that the decision to impound the car was motivated by a desire to conduct an investigative search. Specifically, he contends that: (1) the police should have inventoried the trunk as a unit; (2) the police did not arrest him at the station so they could search the car later; and (3) they originally conducted a "search incident to arrest" and later called it an inventory search when they decided a search incident to arrest would not support a search of the locked trunk.
 
 
 10
 We reject Weaver's argument that the police must inventory the trunk as a unit. His reliance on United States v. Monclavo-Cruz, 662 F.2d 1285 (9th Cir.1981), is misplaced. In Monclavo-Cruz, the police had the option to inventory the defendant's impounded purse as a unit. This case is more like Bowhay, 992 F.2d at 231, where the court upheld the inventory search of a bag even though the police had an investigatory motive, because local procedure required them to inventory the contents of an impounded bag. In this case, a written policy required the police to inventory the entire car, including the contents of all locked compartments.
 
 
 11
 The court did not clearly err in finding that the police arrested Weaver on the street because of concern for public safety. A police officer testified that the police station is a public building but that the street where Weaver was arrested could be sealed off.
 
 
 12
 The court also did not clearly err in finding that the decision to impound the car was made at the scene. The testimony of two police officers supported this conclusion. Although one police report identified the search as due to arrest, the record reflects that the police conducted an inventory search, not a search incident to arrest. The police started the search at the front of the car and prepared an inventory sheet as they searched.
 
 B
 
 13
 We hold that the police did not violate the Fourth Amendment by opening the locked trunk in order to inventory its contents.[2] In doing so we join the majority of other circuits that have considered the issue. See United States v. Duncan, 763 F.2d 220, 223 (6th Cir.1985) (such searches are reasonable); United States v. Martin, 566 F.2d 1143, 1145 (10th Cir.1977) (same); see also United States v. Bosby, 675 F.2d 1174, 1180 (11th Cir.1982) (assuming without analysis that search of trunk is permissible); United States v. Edwards, 577 F.2d 883, 894 (5th Cir.) (dictum that search of trunk is permissible), cert. denied, 439 U.S. 968 (1978); but see United States v. Wilson, 636 F.2d 1161, 1165 (8th Cir.1980) (inventory searches of locked trunks are unreasonable).
 
 
 14
 The starting point in analyzing the reasonableness of inventory searches is South Dakota v. Opperman, 428 U.S. 364 (1976), where the Court permitted an inventory search of a glovebox. The Court concluded that the privacy interest in the glovebox was outweighed by three competing interests: (1) protection of the police from danger; (2) protection of the owner's property while in police custody; and (3) protection of the police from frivolous claims that property has been lost or damaged. Id. at 369.
 
 
 15
 Weaver's privacy interest in the locked trunk is outweighed by the same interests. Our holding protects the police from danger because a car trunk is a convenient place to store chemicals, explosives and gasoline. Even when locked in a car's trunk, these items pose a threat to police safety. See Cady v. Dombrowski, 413 U.S. 433, 447-48 (1973) (recognizing that a gun locked in a car trunk poses a threat to police safety). Our holding also protects property and deters frivolous claims. Because persons often keep valuables in the trunk, failure to inventory its contents leaves those items vulnerable to theft. A failure to do so leaves open the possibility that the owner will frivolously claim that valuables have been stolen.
 
 II
 
 16
 We conclude that the district court properly enhanced Weaver's sentence.[3] Under 18 U.S.C. Sec. 924(e) a felon in possession of a firearm who has three previous violent felony convictions is subject to a mandatory sentence enhancement.
 
 
 17
 The indictment charged that Weaver was a felon in possession of a firearm and it listed five prior felonies. Although only two of the listed felonies were violent felonies within the meaning of the statute, the court enhanced Weaver's sentence because of numerous other violent felonies disclosed in the presentence report.
 
 
 18
 Weaver argues that the government is prohibited from proving violent felonies other than those listed in the indictment. We recently rejected "the contention that the predicate felonies must be alleged in some formal notice pleading." United States v. Alvarez, 972 F.2d 1000, 1006 (9th Cir.) cert. denied, 113 S.Ct. 1427 (1993).[4]
 
 III
 
 19
 We AFFIRM Weaver's conviction and sentence.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review de novo motions to suppress. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). Factual findings are reviewed for clear error. Id. Mixed questions of law and fact in a motion to suppress evidence obtained from a warrantless search are reviewed de novo. United States v. Litteral, 910 F.2d 547, 553 (9th Cir.1990). Whether facts demonstrate a bona fide inventory search is reviewed de novo. United States v. Bowhay, 992 F.2d 229, 230 (9th Cir.1993)
 
 
 [2]
 Although this court has rejected inventory searches of locked trunks when police failed to follow applicable procedures, it has declined to determine if the Fourth Amendment prohibits such searches. See United States v. Johnson, 936 F.2d 1082, 1083-84 (9th Cir.1991); cf. United States v. Koshnevis, 979 F.2d 691, 695 (9th Cir.1992) (search of trunk justified by probable cause)
 
 
 [3]
 Resolution of this issue requires that we examine the sufficiency of the indictment. We review de novo the sufficiency of an indictment. Givens v. Housewright, 786 F.2d 1378, 1380 (9th Cir.1986)
 
 
 [4]
 As the statutory minimum exceeds the guideline minimum, we do not consider Weaver's argument that the court misapplied the sentencing guidelines. See United States v. Beltran-Felix, 934 F.2d 1075 (9th Cir.1991), cert. denied, 502 U.S. 1065 (1992)