76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew Lee LOWE, Defendant-Appellant.
 No. 95-10169.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1996.*
Decided Jan. 24, 1996.
 
 1
 Before: ALDISERT, SCHROEDER, and TROTT, Circuit Judges**.
 
 
 2
 MEMORANDUM***
 
 
 3
 * We may review the district court's sentencing decision against departure because we agree with appellant that the record indicates that the district judge probably concluded on the basis of the facts of this case that he lacked legal authority to depart. However, this review does not help appellant because the district judge's conclusion was correct.
 
 
 4
 Appellant suggests authority to depart existed because of his post-arrest rehabilitation efforts, employment record, charitable works, family ties, and his innocent reason for illegally possessing a sawed-off shotgun. Post-arrest drug rehabilitation efforts do not provide a basis for departure. United States v. Anders, 956 F.2d 907, 911 (9th Cir.1992), cert. denied, 113 S.Ct. 1592 (1993). The Guidelines state that a defendant's employment record, family ties, and charitable works are not ordinarily relevant to a decision to depart. U.S.S.G. §§ 5H1.5-6, 11. This court has confirmed that employment record and family ties may justify departure in "extraordinary circumstances." Anders, 956 F.2d at 912-13. Lowe has not shown such circumstances. The cases Lowe cites as support for the notion that his reason for owning the shotgun justifies departure are simply not on point.
 
 II
 
 5
 Lowe's three challenges to the inventory search of the locked trunk all fail. First, he argues that the search was invalid because Officer Mancillas had an investigatory motive for searching the trunk. He does not seriously challenge the district court's finding that Mancillas had a motive to inventory. An inventory search is not invalid merely because the police had both investigatory and inventory motives for conducting it. United States v. Bowhay, 992 F.2d 229, 231 (9th Cir.1993).
 
 
 6
 Second, Lowe argues that Officer Kurian's completed inventory report was so vague that it did not fulfill the purpose of an inventory search to preserve "an accurate property record for the defendant." Lowe does not indicate how flaws in Kurian's search would invalidate Mancillas's earlier but incomplete search. Furthermore, a fair reading of Kurian's report indicates that he was concerned to list any valuable equipment in the car that might tempt a thief. His inventory report, though not as specific in places as it might have been, was obviously intended to create an accurate property inventory.
 
 
 7
 Finally, Lowe suggests that this court adopt a rule that inventory searches may not extend to locked trunks. Lowe waived this issue by not arguing it before the district court. In any event, the bulk of authority on this point supports allowing such searches. See, e.g., United States v. Velarde, 903 F.2d 1163, 1166 (7th Cir.1990) (search of locked trunk reasonable under circumstances of the case); United States v. Duncan, 763 F.2d 220, 223 (6th Cir.1985) (reasonable for officer to search trunk when inventory form required him to determine if car had spare tire); United States v. Orozco, 715 F.2d 158, 161 (5th Cir.1983) (per curiam) (approving search of trunk pursuant to inventory policy); United States v. Martin, 566 F.2d 1143, 1145 (10th Cir.1977) (approving inventory search of trunk).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3