87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James L. JACKS, Defendant-Appellant.
 Nos. 94-30206, 95-30310.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1996.*
Decided June 11, 1996.
 
 1
 Before: PREGERSON and TASHIMA, Circuit Judges, and JONES, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 James Lee Jacks appeals his conditional guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In particular, Jacks appeals the denial of his motion to suppress evidence. We affirm.
 
 
 4
 State law enforcement officers retrieved a gun during a search of Jacks' car incident to his arrest based on their mistaken belief that he had violated a state court no-contact order regarding his estranged girlfriend Linda Despain when in fact the no-contact order had been rescinded four months prior to the search.
 
 
 5
 Nonetheless, there was probable cause independent of the rescinded no-contact order to justify Jacks's arrest. In Washington, a person is guilty of the crime of harassment if, without lawful authority, the person knowingly threatens to cause bodily injury to another in the future and places the person so threatened in reasonable fear that the threat will be carried out. Wash.Rev.Code § 9A.46.020 (1994); State v. Smith, 111 Wash.2d 1, 3, 759 P.2d 372, 373 (1988). Based on Despain's telephone call, the police had probable cause to believe that Jacks had committed the crime of harassment against Despain. Further, Deputy Bond, who received Despain's call, did not rely exclusively on Despain's statements before sending deputies Nygren and Bahr to arrest Jacks. Bond also spoke with two other witnesses--Robert and Lynette Reeves--who corroborated much of the information that Despain had given. Cf. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1444 (9th Cir.1991) (officers discharged duty to investigate by questioning other civilian witnesses). While en route to pick up Jacks, Bahr and Nygren also learned that Despain discovered that her gun was missing and that she believed that Jacks had taken it.
 
 
 6
 The crime of harassment may be either a gross misdemeanor (involving threats of harm to a person) or a class C felony. Wash.Rev.Code § 9A.46.020(2) (1994). Thus, the police could have made a warrantless arrest of Jacks based upon probable cause even though the crime occurred outside their presence. Wash.Rev.Code § 10.31.100(1) (1994).
 
 
 7
 Finally, it is inapposite that the deputies based their arrest of Jacks on the expired no-contact order rather than probable cause that he had committed harassment. Because the circumstances objectively justified the officers' action, it does not matter that the officers' subjective state of mind did not coincide with the legal justification of the arrest. Scott v. United States, 436 U.S. 128, 138 (1978). Here, based on the statements of Despain and two corroborating witnesses, it is clear that the police had probable cause and would have arrested Jacks anyway for the crime of harassment. United States v. Bowhay, 992 F.2d 229, 231 (9th Cir.1993); United States v. Cannon, 29 F.3d 472, 476 (9th Cir.1994).[1]
 
 
 8
 In light of the existence of probable cause independent of the rescinded no-contact order, it is unnecessary to review the district court's application of Arizona v. Evans, 115 S.Ct. 1185 (1995), and we decline to do so.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert E. Jones, United States District Judge, District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although some other circuits have adopted the objective "could have" test, here, the outcome would be the same under either test. The Supreme Court has recently granted certiorari to resolve this issue. Whren v. United States, 116 S.Ct. 690 (1996)