**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JAMES PAUL ANTONIO,<br><br>Defendant - Appellant. | No. 09-10014<br><br>D.C. No. 4:07-CR-00192-CKJ-BPV<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JAMES PAUL ANTONIO,<br><br>Defendant - Appellant. | No. 09-10016<br><br>D.C. No. 4:06-CR-02089-CKJ-BPV |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted June 18, 2010
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BYBEE and and TYMKOVICH, ** and N.R. SMITH, Circuit Judges,

A jury convicted James Paul Antonio of several offenses for shooting a machine gun into a house in which several women and children were located, seriously injuring one of the women. At a separate trial, he was convicted for being a felon in possession of a firearm. Antonio appeals his convictions and sentences, and we affirm.

First, Antonio argues that the district court clearly erred in refusing to suppress evidence that Antonio possessed a machine gun when he was arrested. The district court held that the gun would have been inevitably discovered by the police in the course of an inventory search. "The inevitable discovery doctrine acts as an exception to the exclusionary rule . . . and permits the admission of otherwise excluded evidence if the government can prove [by a preponderance] that the evidence would have been obtained inevitably and, therefore, would have been admitted regardless of any overreaching by the police." *United States v. Reilly*, 224 F.3d 986, 994 (9th Cir. 2000) (quotation marks and ellipses omitted).

The district court did not clearly err. *See United States v. Ruckes*, 586 F.3d 713, 716 (9th Cir. 2009). The police officers had lawful custody of Antonio's

---

** The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

backpack because the officers were asked by the primary resident to remove Antonio's property from the house. *See United States v. Mancera-Londono*, 912 F.2d 373, 376 (9th Cir. 1990). Further, there is no reason to question the officers' testimony that property taken into police custody is routinely inventoried for any weapons before transport. As the Supreme Court has explained, "if officers have reason to believe that luggage contains some immediately dangerous instrumentality, such as explosives, it would be foolhardy to transport it to the station house without opening the luggage and disarming the weapon." *United States v. Chadwick*, 433 U.S. 1, 15 n.9 (1977), abrogated on other grounds by *California v. Acevedo*, 500 U.S. 565 (1991). Finally, although there is some evidence that the officers' search of the backpack was motivated by investigative interests, there is no indication that the inventory search of the backpack was a pretext for those investigative interests. *See United States v. Bowhay*, 992 F.2d 229, 231 (9th Cir. 1993).

Next, Antonio argues that the district court erred under Federal Rules of Evidence 404(b) and 403 in initially denying a motion in limine to preclude the testimony of his wife. Antonio's wife planned to testify that Antonio would stick his machine gun into her mouth "every other day" and threaten her with it—evidence that would undoubtedly have been prejudicial to Antonio, and

3

perhaps unfairly so. But even if the district court abused its discretion by initially ruling this evidence admissible, we think the error was harmless for two reasons. First, Antonio's wife never actually testified regarding Antonio putting the machine gun in her mouth. Second, and more importantly, the evidence of Antonio's guilt was overwhelming. Taken together, these facts provide a "fair assurance" of harmlessness. *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc); *see also United States v. McInnis*, 976 F.2d 1226, 1232 (9th Cir. 1992) (noting that, because the evidence of McInnis's guilt was "overwhelming[]," "[i]t [wa]s unlikely that the evidence containing swastikas affected the outcome of the case or the defendant's right to a fair trial").

We also think that the prosecutor's mention of the machine gun-in-mouth testimony—even if it constituted prosecutorial misconduct—did not prejudice Antonio. *See United States v. Washington*, 462 F.3d 1124, 1135 (9th Cir. 2006). "A curative instruction may obviate the impact of the government's statements, as juries are assumed to follow the court's instructions." *United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1030 (9th Cir. 2009). A court may cure misstatements by "instruct[ing] the jury to base its decision solely on the evidence presented and reminded the jury that the attorneys' statements were not evidence." *Id*. The court did just that here. Moreover, Antonio never requested a curative instruction to

4

mitigate the impact of the prosecutor's putative misconduct during his opening statement despite the district court's express offer to provide such an instruction. Finally, as mentioned above, the evidence of Antonio's guilt was overwhelming.

Lastly, Antonio contends that the district court erred by allowing Antonio's wife to testify at his sentencing hearing because she did not qualify as a "victim" of the offense for purposes of Federal Rule of Criminal Procedure 32(i)(4)(B). However—both now and at the time of sentencing—Federal Rule of Criminal Procedure 1(b)(11) has defined "victim" by reference to 18 U.S.C. § 3771(e), which, in turn, defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). As someone who was present in the house with her young daughter at the time of the shooting, Antonio's wife was arguably "directly and proximately harmed as a result of" Antonio's offense. In any event, the district court expressly said that it was not relying on Antonio's wife's testimony in imposing sentence, rendering the court's decision to allow her to testify harmless. *See United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc) (the court will "take [the court] at [its] word" that it is proceeding correctly).

AFFIRMED.