**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30424 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00239-BLW |
| v. | |
| JOSEPH PATRICK MULLANEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding[**]

Submitted November 4, 2010[***]
Portland, Oregon

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   Although Judge Winmill entered Mullaney's conviction, Judge Dale A. Kimball, United States District Judge, District of Utah, denied Mullaney's suppression motion while sitting by special designation in the District of Idaho.

[***]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before: W. FLETCHER and FISHER, Circuit Judges, and JONES, District Judge.[****]

Joseph Patrick Mullaney appeals his conviction for conspiring with intent to distribute methamphetamine. Mullaney argues that the district court erred by refusing to suppress evidence obtained during a search of Mullaney's vehicle by a state trooper in which drugs were found in the car's ashtray. Mullaney maintains that the search of the vehicle was in violation of the Fourth Amendment because it was neither a valid inventory search nor a search incident to arrest in compliance with *Arizona v. Gant*, 129 S. Ct. 1710 (2009).

The trial court's factual findings underlying a decision on a suppression motion are reviewed for clear error. *United States v. Bowhay*, 992 F.2d 229, 230 (9th Cir. 1993). Whether the facts establish a valid inventory search of the property is reviewed de novo. *Id.* Probable cause determinations present mixed questions of law and fact in which the legal issues predominate and are therefore subject to de novo review. *Ornelas v. United States*, 517 U.S. 690, 697-98 (1996). Because the evidence was obtained during a valid inventory search, we affirm.

Mullaney's vehicle was impounded after a traffic stop because neither Mullaney nor his passenger had a valid driver's license. An inventory search prior

---

[****] The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

to vehicle impoundment serves three functions: (1) to protect the owner's property while it remains in police custody; (2) to protect the police against claims or disputes over lost or stolen property; and (3) to protect the police from potential danger. *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976). Compliance with a standard impoundment procedure tends to ensure that the intrusion is limited to the extent necessary to carry out the caretaking function. *Id.* at 374-75. In this case, the applicable state procedure required officers to search any container, whether locked or unlocked, within the vehicle.

The state trooper complied with the procedure. Testimony from the trooper and his supervisor indicated that it was proper under that procedure to search an ashtray in a vehicle and to search under the ashtray if it looked askew. Based on this testimony, the area searched was consistent with the procedure's "any container" provision. There is no basis to conclude that the inventory search was outside of the scope of what was necessary to carry out the caretaking function.

Furthermore, the presence of an investigative motive does not invalidate an inventory search unless the inventory was pretext for an investigative search. *Bowhay*, 992 F.2d at 231. Here, as in *Bowhay*, there were dual bona fide motives. Moreover, like the procedure in *Bowhay*, the inventory and impoundment procedure here did not provide officers with any discretion. In such circumstances,

3

an investigative motive does not invalidate the inventory search. *Id.* The district court's decision denying the motion to suppress is thus affirmed.

**AFFIRMED.**