**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50361 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00295-R-1 |
| v. | |
| CLAUDIO BURGOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 7, 2013
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

Claudio Burgos ("Burgos") appeals his conviction, pursuant to a conditional

guilty plea, for possession with intent to distribute heroin in violation of 21 U.S.C.

§ 841(a)(1), (b)(1)(B)(i).  Burgos preserved his right to appeal the denial of his

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

motion to suppress evidence. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review de novo the district court's denial of a motion to suppress evidence and review underlying factual findings for clear error. *United States v. Ewing*, 638 F.3d 1226, 1229 (9th Cir. 2011).

On March 7, 2012, Los Angeles County Sheriff's Department ("LASD") Deputy Joseph Tellez ("Tellez") pulled Burgos over for a moving violation. Burgos told Tellez that he did not have a driver's license. After placing Burgos in his patrol car, Tellez performed a license check that confirmed Burgos did not have a license, and revealed that Burgos had an open warrant for driving without a license. Tellez arrested Burgos for the outstanding warrant and for driving without a license.

Pursuant to Cal. Vehicle Code § 14602.6(a),[1] Tellez searched the vehicle prior to having it towed, which is standard LASD procedure. Tellez found and seized 209 grams of heroin from the vehicle.

Warrantless searches by law enforcement officers "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and

---

[1] California Vehicle Code § 14602.6(a) allows an officer to remove and seize a vehicle once it has been determined that the driver of the vehicle is driving without having been issued a driver's license.

well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (emphasis added). One exception to the Fourth Amendment's warrant requirement is the "community caretaking" exception. *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973). Under this exception, "police officers may impound vehicles that jeopardize public safety and the efficient movement of vehicular traffic." *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005). Once a vehicle is legally impounded pursuant to a community caretaking function, officers may conduct an inventory search that conforms to standard procedures of local law enforcement. *See South Dakota v. Opperman*, 428 U.S. 364, 375-76 (1976).

"Because warrantless . . . seizures are per se unreasonable, the government bears the burden of showing that a warrantless . . . seizure falls within an exception to the Fourth Amendment's warrant requirement." *United States v. Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012) (citing *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001)).

Here, the district court found that the officer's decision to tow the car was justified under the community caretaking exception and denied Burgos's motion to suppress. After reviewing the record, we conclude that the district court erred when it denied Burgos's motion to suppress because the government failed to carry its burden of proof that the community caretaking exception applied.

3

Our jurisprudence on the community caretaking exception is clear: the location of the traffic stop matters. In *Cervantes*, we held that the government failed to demonstrate that the community caretaking exception applied to the impoundment of the defendant's car because the government presented no evidence that the vehicle impeded traffic, posed a safety hazard, or was vulnerable to vandalism or theft. 703 F.3d at 1141-42. *Cervantes* controls because the government relied solely upon the community caretaking exception and did not offer evidence required to justify applying that exception.[2] Just as in *Cervantes*, here, the government presented no evidence that Burgos's vehicle was "parked illegally, posed a safety hazard, or was vulnerable to vandalism or theft." *Id.* at 1141.

The only evidence the government offered concerning the location of Burgos's vehicle was that Tellez observed Burgos exiting the freeway and "traveling northbound on Eagle Rock Boulevard, approaching El Paso Drive in Los Angeles," before Tellez initiated the traffic stop. The articulation of street

[2] Because neither the parties nor the district court had the benefit of our decision in *Cervantes* at the time of the suppression hearing, on remand the district court may reopen the record so that the *Cervantes* requirements—namely whether the vehicle impeded traffic, posed a safety hazard, or was vulnerable to vandalism or theft—may be addressed by the parties. The reopening of the record is only for the purpose of addressing the community caretaking exception.

4

names tells the court next to nothing about the street where Burgos's vehicle was stopped, the characteristics of the street, or where exactly Burgos pulled over on the street.

On appeal, the government attached to its brief Google Street View images that allegedly depict the intersection of Eagle Rock Boulevard and El Paso Drive. This was a vain attempt by the government to offer evidence not presented to the district court to demonstrate that impoundment was warranted by community caretaking concerns. We reject such an attempt to supplement the record. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) ("Only the court may supplement the record.")

The government failed to offer evidence to satisfy the community caretaking exception, and thus failed to establish that the impoundment of Burgos's vehicle satisfied the exception to the Fourth Amendment's warrant requirement. Because the "government failed to establish a community caretaking function for the impoundment," the government "failed to establish the constitutional

reasonableness of the seizure and subsequent inventory search." *United States v. Caseres,* 533 F.3d 1064, 1075 (9th Cir. 2008).[3]

We believe the appearance of justice would best be served by remand to another judge. *See United States v. Rivera*, 682 F.3d 1223, 1237 (9th Cir. 2012) (identifying the preservation of the appearance of justice as a factor relevant to whether reassignment is appropriate). Here, the district court's statements about the case at the suppression hearing raise questions about the court's impartiality on remand. Moreover, the record below consists of approximately sixty-four pages of testimony, declarations, exhibits, legal briefing, and oral argument. Thus, reassignment on remand would entail minimal duplication of effort and waste, and these concerns would not outweigh the "gain in preserving appearance of fairness." *Id*. (identifying the entailment of waste and duplication as a factor relevant to whether reassignment is appropriate).

**REVERSED** and **REMANDED** with instructions that this case be reassigned on remand.

---

[3] Because the government relied solely on impoundment to justify Tellez's search of the vehicle, and we find that the government failed to justify the impoundment, we do not reach the issue whether Tellez's search of the vehicle was properly within the permissible scope of a valid inventory search.