**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50309 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00295-PSG-1 |
| v. | MEMORANDUM[*] |
| CLAUDIO BURGOS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Phillip S. Gutierrez, District Judge, Presiding

Argued and Submitted September 3, 2015
Pasadena, California

Before: O'SCANNLAIN, FISHER, and BYBEE, Circuit Judges.

Claudio Burgos appeals his conviction for possession with intent to

distribute heroin under 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i). Burgos challenges the

district court's denial of his motion to suppress evidence discovered during a

vehicle inventory search, arguing that the impoundment was pretextual and that the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

arresting officer exceeded the permissible scope of an inventory search by opening a hidden compartment inside the dashboard. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

I

The district court did not err in finding the impoundment valid under the Fourth Amendment. The community caretaking doctrine permits an officer to impound an arrestee's car to "protect the vehicle and its contents" so long as "standardized criteria" circumscribe the officer's discretion. *See Colorado v. Bertine*, 479 U.S. 367, 376 n.7 (1987). Here, Deputy Tellez's declaration stated that he acted pursuant to Los Angeles County Sheriff's Department (LASD) policy, which directs its deputies to impound a vehicle when the driver is arrested and no other licensed driver is present to take control of the vehicle, and Cal. Veh. Code § 14602.6(a), which authorizes impoundment when a vehicle's driver is not licensed. Such standardized criteria sufficiently cabined Deputy Tellez's discretion.

Furthermore, on remand from this court's previous decision in *United States v. Burgos*, 550 F. App'x 484 (9th Cir. 2013) (unpublished), the government offered evidence that Burgos's truck was parked illegally, the registered owner lived 67 miles away, the vehicle posed a safety hazard, and the vehicle was at risk of vandalism. Because Deputy Tellez's declaration established that these community

caretaking concerns partially motivated his decision, the impoundment was valid. *See United States v. Bowhay*, 992 F.2d 229, 231 (9th Cir. 1993) ("When the police conduct would have been the same regardless of the officer's subjective state of mind, no purpose is served by attempting to tease out the officer's 'true' motivation.").

II

The district court did not err in upholding the inventory search of Burgos's truck. Police may inventory an impounded vehicle "to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." *Bertine*, 479 U.S. at 372. In conducting an inventory search, police must acquire "[k]nowledge of the precise nature of the property" for which they have assumed responsibility. *Id.* at 373. To this end, a police department may require its officers to open closed containers discovered within vehicles. *See Florida v. Wells*, 495 U.S. 1, 4 (1990) ("[P]olicies of opening all containers [in a vehicle] . . . are unquestionably permissible."). An inventory search is reasonable under the Fourth Amendment so long as it is not conducted in bad faith, its sole purpose is not investigatory, and an officer's discretion is exercised according to standard criteria. *See Bertine*, 479 U.S. at 372.

In inventorying Burgos's truck, Deputy Tellez acted pursuant to standard LASD policy designed to achieve the legitimate governmental interests of protecting community safety and preventing claims against the LASD for damaged or stolen property. According to Deputy Tellez, "it was immediately apparent" the dashboard's appearance "was not normal," and the cover was "lifted off" and "almost falling off" the dashboard. Deputy Tellez said he "could see that there were objects inside the area" before he removed the dashboard cover; after removing the cover, he discovered the objects were brown taped bundles. Drawing all reasonable inferences in favor of the prevailing party, *see United States v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009), we conclude the dashboard area functioned like a closed "container" under LASD policy. *See Bertine*, 479 U.S. at 375 (in conducting an inventory, "nice distinctions between . . . glove compartments, upholstered seats, trunks, and wrapped packages . . . must give way to the interest in the prompt and efficient completion of the task at hand" (internal quotation marks omitted)). Accordingly, the district court did not err in determining that Deputy Tellez complied with LASD inventory policy, and that his actions were in furtherance of legitimate inventory objectives.

**AFFIRMED.**