**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAWRENCE L. THOMPSON, | No. 16-35301 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01769-MJP |
| v. | |
| SUE RAHR, Head Sheriff's Officers/and Department, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| PETE COPELAND, Deputy Sheriff Officer and KING COUNTY SHERIFF'S DEPARTMENT, in all, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted December 7, 2017
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Lawrence Thompson appeals the district court's grant of summary judgment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and dismissal of his 42 U.S.C. § 1983 claims against Deputy Pete Copeland and the King County Sherriff's Office ("KCSO"). Here, we address Thompson's claims that Copeland violated his Fourth Amendment rights by conducting a pretextual inventory search of his car, and that KCSO failed to properly supervise its deputies. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review a district court's decision to grant summary judgment de novo. *Glacier Fish Co. LLC v. Pritzker*, 832 F.3d 1113, 1120 (9th Cir. 2016). We also review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

The district court did not err in granting summary judgment to Copeland regarding his search of Thompson's car. Copeland's search was conducted in accordance with KCSO standard procedures requiring inventory searches for impounded vehicles. *See S. Dakota v. Opperman*, 428 U.S. 364, 375–76 (1976); *Colorado v. Bertine*, 479 U.S. 367, 369 (1987). The KCSO General Orders Manual states that if a "vehicle is impounded, an inventory search shall be conducted." Copeland decided to impound Thompson's car "as required by a City

---

[1] We also affirm the dismissal of Thompson's excessive force claim in the concurrently filed published opinion.

2

of Burien Ordinance." Copeland's declaration that he had a "reasonable basis to conduct an impound search of Mr. Thompson's vehicle," made sense in light of City of Burien Ordinance 288, which states that if a driver is arrested for driving with a suspended license, his "vehicle shall be impounded."

Copeland did not violate the specific provisions of the KCSO policy requiring inventory searches for impounded vehicles. The policy specifies that an inventory search "is not a general exploratory search for the purpose of finding evidence of a crime," that deputies "[s]hall not open the trunk," that they "[m]ay open an unlocked glove compartment," and that they "[s]hall not open personal luggage." Copeland did not open the trunk or Thompson's personal luggage. There is no indication that the KCSO policy failed to comply with state law as required by *United States v. Wanless*, 882 F.2d 1459, 1464 (9th Cir. 1989), nor that Copeland failed to abide by the policy. Copeland also considered alternatives to impoundment as required by state law. As the district court found, Copeland "conducted the inventory search of plaintiff's vehicle in accordance with [KCSO] policy," and "[Thompson] present[ed] no evidence to the contrary."

While Thompson speculates at length that Copeland's search was "pretextual," the "mere fact that an inventory search may also have had an investigatory purpose does not . . . invalidate it." *United States v. Bowhay*, 992 F.2d 229, 231 (9th Cir. 1993) (citation and internal quotation marks omitted). If an

3

officer's "purpose was to take an inventory as required by department policy, his second purpose of further investigation" will not invalidate an inventory search. *Id.* at 230. And while Thompson argues that Copeland violated his rights under the state constitution by conducting a pretextual search, we have generally held that "violation of [a state] constitution alone does not establish a basis for a § 1983 lawsuit." *Armstrong v. Asselin*, 734 F.3d 984, 989 (9th Cir. 2013).

The cases Thompson cites to argue that the search was entirely pretextual do not counsel a different result. For example, the police department in *United States v. Johnson* had no "written inventory-search policy" at all. 936 F.2d 1082, 1084 (9th Cir. 1991) (per curiam).

Finally, the district court did not err in dismissing Thompson's failure-to-supervise claims. Thompson failed to allege facts to support his claims that King County had a policy of inaction that amounted to "deliberate indifference" to his constitutional rights. *Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014). Thompson's claims that King County "failed to properly train and supervise its Deputy," and that "it failed to investigate claims of misconduct involving firearms and . . . claims of excessive force," amounted to "mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thompson's failure-to-supervise claims are unavailing for the independent reason that he failed to show that any violation of his constitutional rights was caused by a county "policy" or

4

"governmental 'custom.'" *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978).

**AFFIRMED.**